ORIGINAL

Janet Lindner Spielberg (SBN 221926)
**LAW OFFICES OF JANET LINDNER SPIELBERG**
12400 Wilshire Boulevard, #400
Los Angeles, California 90025
Tel: (310) 392-8801
Fax: (310) 278-5938
Email: jlspielberg@jlslp.com

Michael D. Braun (SBN 167416)
**BRAUN LAW GROUP, P.C.**
10680 West Pico Boulevard, Suite 280
Los Angeles, California 90064
Tel: (310) 836-6000
Fax: (310) 836-6010
Email: service@braunlawgroup.com

Joseph N. Kravec, Jr. (*pro hac* to be filed)
Ellen M. Doyle (*pro hac* to be filed)
**STEMBER FEINSTEIN DOYLE PAYNE & CORDES LLC**
Allegheny Building, 17th Floor
429 Forbes Avenue
Pittsburgh, PA 15219
Tel: (412) 281-8400
Fax: (412) 281-1007
Email: jkravec@stemberfeinstein.com
Email: edoyle@stemberfeinstein.com

*ATTORNEYS FOR PLAINTIFF*

E-filing

FILED
SEP 2 9 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

CV 10 4387

| | |
|---|---|
| **SKYE ASTIANA** on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**BEN & JERRY'S HOMEMADE, INC.,**<br><br>Defendant. | CASE NO.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES, EQUITABLE, DECLARATORY AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

1  Plaintiff, by her attorneys, brings this class action against Defendant Ben & Jerry's

2  Homemade, Inc. ("B&J" or "Defendant"), on her own behalf and on behalf of all others similarly

3  situated, and alleges as follows based upon the investigation of her counsel:

4  **INTRODUCTION**

5  1.  This is a class action on behalf of a California class of consumers who purchased Ben

6  & Jerry's Homemade, Inc.'s "all natural" Ice Cream products which contained alkalized cocoa

7  beginning September 28, 2006 through the present ("Class Period"). Since at least 2006, B&J has

8  packaged, marketed and sold its Ice Cream products as being "all natural" despite the fact they

9  contain alkalized cocoa - a non-natural processed ingredient that additionally contains potassium

10  carbonate, a man made, synthetic ingredient.[1]

11  2.  Throughout the Class Period, B&J prominently displayed the moniker "all natural" on

12  the labels of its Ice Cream products, cultivating a healthy and socially conscious image in an effort to

13  promote the sale of these products. Indeed, as a result of this false and misleading labeling B&J was

14  able to sell these products to thousands of consumers in California and throughout the United States

15  and to profit handsomely from these transactions.

16  3.  Plaintiff alleges B&J's conduct violates the unlawful, unfair and fraudulent prongs of

17  California's Business and Professions Code section 17200, *et. seq.* (the "UCL"), and the California

18  Business & Professions Code 17500 *et. seq.* (the "FAA"). Plaintiff also alleges that B&J's conduct is

19  grounds for restitution on the basis of quasi-contract/unjust enrichment.

20  **PARTIES**

21  4.  Plaintiff Skye Astiana is currently a resident of Klamath Falls, Oregon. From at least

22  September 28, 2006 to September, 2007, Plaintiff Astiana was domiciled in California, residing in

23  San Francisco and Mill Valley, California.  While Ms. Astiana was a California resident, she

24  purchased on multiple occasions B&J's All Natural Chocolate Fudge Brownie Ice Cream as well as

25  other of B&J's Ice Cream products at the Whole Foods grocery store near her then residence in Mill

26

27

28  [1]  As used throughout this Complaint, "Ice Cream" products includes B&J's "all natural" premium Ice Creams, yogurts and sorbets identified in paragraph 18 of this Complaint.

COMPLAINT for Damages, Equitable, Declaratory and Injunctive Relief

1  Valley California.[2] Ms. Astiana believed the Ice Cream she purchased was all natural and relied on

2  this representation in making the purchase.  Upon information and belief, the Ice Cream Ms. Astiana

3  purchased contained cocoa processed with alkali - a non-natural processed ingredient that

4  additionally contains potassium carbonate, a man made, synthetic ingredient.

5          5.        Defendant Ben & Jerry's Homemade, Inc. was founded in 1977 in Vermont and

6  currently maintains its headquarters at 30 Community Drive, South Burlington, VT 05403-6828.

7  From its inception, to the present day, B&J claims to produce a wide variety of super premium Ice

8  Cream, Ice Cream novelties, low fat Ice Cream, low fat yogurt and sorbet, using Vermont dairy

9  products and high quality, all natural ingredients.  Ben & Jerry's products are distributed nationwide

10  in supermarkets, grocery stores, convenience stores, franchise Ben & Jerry's scoop shops,

11  restaurants and other venues.  In 2000 B&J's was acquired by Unilever, one of the world's largest

12  consumer products companies in a deal estimated at $326 million.

13                          **JURISDICTION AND VENUE**

14          6.        Jurisdiction of this Court is proper under 28 U.S.C. §1332, as complete diversity

15  between the parties exists.  Representative Plaintiff Skye Astiana was a California resident at the

16  time she purchased Defendant's products at issue in this litigation. Defendant's principle place of

17  business is Vermont and it is a wholly owned subsidiary of Unilever plc, a foreign corporation.

18          7.        Upon information and belief, the amount in controversy exceeds $5,000,000 for

19  Representative Plaintiff and Class members collectively, exclusive of interest and costs, by virtue of

20  the combined purchase prices paid by Plaintiff and the Class, and the profit reaped by Defendant

21  from its transactions with Plaintiff and the Class, as a direct and proximate result of the wrongful

22  conduct alleged herein, and by virtue of the injunctive and equitable relief sought.

23          8.        Venue is proper within this judicial district pursuant to 28 U.S.C. § 1391(b) and (c).

24  Defendant maintains offices and has agents, transacts business or is found within this judicial

25  district.  Moreover, a substantial portion of the underlying transactions and events complained of

26  herein occurred, and affected persons and entities, in this judicial district, and Defendant has

27  ————————————————

28  [2]  The other ice cream products include Cherry Garcia, Chocolate, Chocolate Chip Cookie Dough, Chocolate Fudge Brownie, Chubby Hubby, Chunky Monkey and New York Super Fudge Chunk.

COMPLAINT for Damages, Equitable, Declaratory and Injunctive Relief

1  received substantial compensation from such transactions and business activity in this judicial

2  district, including as the result of purchases of Defendant's Ice Cream products from retail locations

3  herein. Finally, Defendant inhabits and/or may be found in this judicial district, and the interstate

4  trade and commerce described herein is and has been carried out in part within this judicial district.

5  **BACKGROUND**

6      9.    The cocoa bean is a seed that grows on trees native to South America. The fermented

7  and dried cocoa seed is the basic ingredient in chocolate. Chocolate is a name given to products that

8  are derived from cocoa which are then mixed with some sort of fat (*e.g.* cocoa butter, oil) and finely

9  powdered sugar to produce a solid edible product.

10      10.    To make chocolate, the beans are processed, roasted, cracked and shelled. The

11  resulting pieces called nibs are further processed into a chocolate liquor, butter or powder. The

12  cocoa powder is typically used in the flavoring of Ice Creams.

13      11.    Unsweetened baking cocoa powder is typically rendered in one of two forms: a

14  natural cocoa or a non-natural version known as Dutch-process cocoa. Both are made by pulverizing

15  partially defatted chocolate liquor and removing nearly all the cocoa butter. Natural cocoa is light in

16  color and somewhat acidic with a strong chocolate flavor. Non-natural dutch-process cocoa is

17  processed with alkali to neutralize its natural acidity. Dutch cocoa is slightly milder in taste, with a

18  deeper and warmer color than natural cocoa. Dutch-process cocoa is frequently used when the

19  product calls for the blending of cacao with liquids. Unfortunately, Dutch processing destroys most

20  of the flavonols present in cocoa -- the water-soluble plant pigments that are believed to give dark

21  chocolate health benefits in the form of antioxidant, anti-inflammatory and antiviral properties.

22  **ALKALIZED COCOA IS UNNATURAL**

23      12.    Although the FDA does not directly regulate the term "natural," the FDA has

24  established a policy defining the outer boundaries of the use of that term by clarifying that a product

25  is not natural if it contains color, artificial flavors, or synthetic substances.

26  http://www.fda.gov/ForConsumers/ConsumerUpdates/ucm094536.htm and

27  http://www.fda.gov/AboutFDA/Transparency/Basics/ucm214868.htm.

28

4

COMPLAINT for Damages, Equitable, Declaratory and Injunctive Relief

1    13.    The FDA also does recognize alkalization as a non-natural process and accordingly

2  requires that "when any optional alkali ingredient is used, the name of the food shall be accompanied

3  by the statement ``Processed with alkali", or ``Processed with ------", the blank being filled in with

4  the common or usual name of the specific alkali ingredient used in the food."

5    14.    In addition, Ben & Jerry's Ice Cream products containing alkalized cocoa are

6  processed with potassium carbonate which is a recognized synthetic substance.

7                    **BEN & JERRY's USE OF ALKALIZED COCOA**

8    15.    American consumers are health conscious and frequently take nutrition information

9  into consideration in selecting and purchasing food items.  Product package labels, including

10 nutrition labels, are vehicles that convey nutrition information to consumers which they can and do

11 use to make purchasing decisions.  As noted by Food and Drug Administration Commissioner

12 Margaret Hamburg during an October 2009 media briefing, "[s]tudies show that consumers trust and

13 believe the nutrition facts information and that many consumers use it to help them build a healthy

14 diet."

15    16.    The prevalence of claims about nutritional content on food packaging in the United

16 States has increased in recent years as manufacturers have sought to provide consumers with

17 nutrition information and thereby influence their purchasing decisions.  The results of the FDA's

18 most recent Food Label and Package Survey found that approximately 4.8 percent of food products

19 sold in the United States had either a health claim or a qualified health claim on the food package,

20 and that more than half (53.2%) of the food products reviewed had nutrient content claims on the

21 packaging.

22    17.    Treating cocoa with an alkalizing agent changes the chemical structure, taste, and

23 appearance of cocoa and reduces its acidity and flavonol content.  In addition, the alkalized cocoa in

24 Ben & Jerry's Ice Cream products was processed with and thus contains potassium carbonate, a

25 recognized synthetic substance.

26    18.    According to a complaint filed with the FDA in 2010 by the Center for Science in the

27 Public Interest ("CSPI"), and as confirmed by Ben & Jerry's Ice Cream labels, cocoa processed with

28

COMPLAINT for Damages, Equitable, Declaratory and Injunctive Relief

1     alkali is used as an ingredient in 36 of Ben & Jerry's Ice Cream flavors which otherwise claim to be

2     "all natural." Those Ice Cream flavors are:

3          **a.**     **Ben & Jerry's "All-Natural" Flavors - Ice Cream**

4     Banana Split
      Boston Cream Pie
5     Brownie Batter
      Cake Batter
6     Cheesecake Brownie
7     Cherry Garcia
      Chocolate
8     Chocolate Chip Cookie Dough
      Chocolate Fudge Brownie
9     Chocolate Macadamia
      Chubby Hubby
10     Chunky Monkey
11     Dublin Mudslide
      Fossil Fuel
12     Half Baked
      Imagine Whirled Peace
13     Karamel Sutra
14     Milk & Cookies
      Mint Chocolate Chunk
15     Mint Chocolate Cookie
      Mud Pie
16     Neapolitan Dynamite
      New York Super Fudge Chunk
17     Oatmeal Cookie Chunk
18     Peanut Butter Cup
      Phish Food
19     S'mores
      Triple Caramel Chunk
20     Turtle Soup
      Vanilla Caramel Fudge
21

22          **b.**     **Ben & Jerry's "All Natural" Frozen Yogurts (Froyos)**
      Froyo Cherry Garcia
23     Froyo Chocolate Fudge Brownie
      Froyo Half-Baked
24

25          **c.**     **Ben & Jerry's "All Natural" Popsicles**
      Cherry Garcia
26     Fudgy Brownies
      Half Baked
27

28         19.     The CSPI warned as early as 2002 that B&J had been misbranding their products as

    "all natural" when in truth they were not.

COMPLAINT for Damages, Equitable, Declaratory and Injunctive Relief

"Ben & Jerry's enjoys a carefully-cultivated public image as an eco-friendly, worker-friendly brand—the kind of company whose label claims should be truthful," CSPI executive director Michael F. Jacobson said. "So it's sad that Ben & Jerry's is trying to pass off products laden with these factory-spun ingredients as 'natural,' when there's little natural about them. These ingredients are man-made and simply don't occur in nature."

20.     According to the Ben & Jerry's corporate website, their product mission is to "make distribute and sell the finest quality "all natural" Ice Cream and euphoric concoctions with a continued commitment to incorporating wholesome, "natural" ingredients and incorporating business practices that respect the earth and the environment." (emphasis added). http://www.benjerry.com/activism/mission statement.

21.     The labeling of products as "all natural" carry implicit health benefits to consumers – benefits that consumers are often willing to pay a premium over comparable products that are not "all natural."  Over the past 30 years B&J has cultivated and reinforced a corporate image that has catered to this "all natural" theme and have boldly emblazed this moniker on each and every one of its Ice Cream products, despite the fact it uses a synthetic ingredient in the form of alkalized cocoa.

22.     B&J's has used the "all natural" label to shape its brand and sell its product.  Yet, the existence of alkalized cocoa in its Ice Creams renders the use of the label "all natural," false and misleading.  In manufacturing its Ice Cream products, Defendant had a choice between using natural or unnatural processed cocoa.  It chose the later, but nonetheless labeled its Ice Cream products as "all natural."  As a matter of its self characterized socially conscious corporate morality, and as matter of law, B&J must now reconcile its labeling with the true content of its products.

### CLASS ACTION ALLEGATIONS

23.     Plaintiff brings this action on behalf of herself and on behalf of all other members of the Class ("Class"), defined as all consumers who, on or after September 28, 2006, purchased in the State of California B&J's Ice Cream products that were labeled all natural but contained alkalized cocoa.  Plaintiff brings this Class pursuant to Federal Rule of Civil Procedure 23(a), and (b)(1), 23(b)(2) and 23(b)(3).

24.     Upon information and belief, there are thousands of Class members who are geographically dispersed throughout the State of California.  Therefore, individual joinder of all members of the Class would be impracticable.

COMPLAINT for Damages, Equitable, Declaratory and Injunctive Relief

1    25.    Common questions of law or fact exist as to all members of the Class. These

2 questions predominate over the questions affecting only individual class members. These common

3 legal or factual questions include:

4

5        a.    whether B&J labels its Ice Cream products as "all natural;"

6        b.    whether the alkalized cocoa used in B&J's Ice Cream products
            is natural;

7
8        c.    whether B&J's "all natural" labeling of its Ice Cream products is
            likely to deceive class members or the general public;

9        d.    whether B&J's representations are unlawful;

10
11        e.    the appropriate measure of resitutionary disgorgement and/or
            restitution.

12    26.    Plaintiff's claims are typical of the claims of the Class, in that Plaintiff was a

13 consumer who purchased B&J's "all natural" Ice Cream products that contained alkalized cocoa in

14 California during the Class Period. Plaintiff, therefore, is no different in any relevant respect from

15 any other class member, and the relief sought is common to the Class.

16    27.    Plaintiff is an adequate representative of the Class because her interests do not

17 conflict with the interests of the class members he seeks to represent, and she has retained counsel

18 competent and experienced in conducting complex class action litigation. Plaintiff and her counsel

19 will adequately protect the interests of the Class.

20    28.    A class action is superior to other available means for the fair and efficient

21 adjudication of this dispute. The damages suffered by each individual class member likely will be

22 relatively small, especially given the burden and expense of individual prosecution of the complex

23 litigation necessitated by B&J's conduct. Thus, it would be virtually impossible for the class

24 members individually to effectively redress the wrongs done to them. Moreover, even if the class

25 members could afford individual actions, it would still not be preferable to class wide litigation.

26 Individualized actions present the potential for inconsistent or contradictory judgments. By contrast,

27 a class action presents far fewer management difficulties and provides the benefits of single

28 adjudication, economies of scale, and comprehensive supervision by a single court.

COMPLAINT for Damages, Equitable, Declaratory and Injunctive Relief

29. In the alternative, the Class may be certified because B&J has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate preliminary and final equitable relief with respect to the Class.

**FIRST CAUSE OF ACTION**
**("Unlawful" Business Practices in Violation of**
**The Unfair Competition Law ("UCL"), Bus. & Prof. Code 17200, et seq.)**

30. Plaintiff hereby incorporates the foregoing paragraphs of this Complaint and restates them as if they were fully written herein.

31. The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising. Cal. Bus. Prof. Code 17200.

32. A business act or practice is "unlawful" if it violates any established state or federal law.

33. California's Sherman Food, Drug, and Cosmetic Law ("Sherman Law"), Article 6, Section 110660 provides that: "Any food is misbranded if its labeling is false or misleading in any particular."

34. B&J's has violated, and continues to violate the Sherman Law, Article 6, Section 110660 and hence has also violated and continues to violate the "unlawful" prong of the UCL through its use of the term "all natural" associated with products that contained alkalized cocoa. By committing the acts and practices alleged above, B&J has engaged, and continues to be engaged, in unlawful business practices within the meaning of California Business and Professions Code 17200 et seq.

35. Through its unlawful acts and practices, B&J has obtained, and continues to unfairly obtain, money from members of the Class. As such, Plaintiff requests that this Court cause B&J to restore this money to Plaintiff and all Class members, to disgorge the profits B&J made on these transactions, and to enjoin B&J from continuing to violate the Unfair Competition Law as discussed herein. Otherwise, the Class may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

COMPLAINT for Damages, Equitable, Declaratory and Injunctive Relief

1

## SECOND CAUSE OF ACTION
("Unfair" Business Practices in Violation of
The Unfair Competition Law ("UCL"), Bus. & Prof. Code 17200, et seq.)

2

3

36.     Plaintiff hereby incorporates the foregoing paragraphs of this Complaint and restates

4

them as if they were fully written herein.

5

37.     The UCL defines unfair business competition to include any "unlawful, unfair or

6

fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.  Cal.

7

Bus. Prof. Code 17200.

8

38.     A business act or practice is "unfair" under the Unfair Competition Law if the

9

reasons, justifications and motives of the alleged wrongdoer are outweighed by the gravity of the

10

harm to the alleged victims.

11

39.     B&J has and continues to violate the "unfair" prong of the UCL through its

12

misleading description of its products as all natural when indeed a main ingredient is not natural and

13

contains a synthetic substance. The gravity of the harm to members of the Class resulting from such

14

unfair acts and practices outweighs any conceivable reasons, justifications and/or motives of B&J for

15

engaging in such deceptive acts and practices.  By committing the acts and practices alleged above,

16

B&J has engaged, and continues to be engaged, in unfair business practices within the meaning of

17

California Business and Professions Code 17200 et seq.

18

40.     Through its unfair acts and practices, B&J has obtained, and continues to unfairly

19

obtain, money from members of the Class.  As such, Plaintiff requests that this Court cause B&J to

20

restore this money to Plaintiff and all Class members, to disgorge the profits B & J has made on its

21

Ice Cream products, and to enjoin B&J from continuing to violate the Unfair Competition Law as

22

discussed herein.  Otherwise, the Class may be irreparably harmed and/or denied an effective and

23

complete remedy if such an order is not granted.

24

25

26

27

28

COMPLAINT for Damages, Equitable, Declaratory and Injunctive Relief

1

**THIRD CAUSE OF ACTION**

2

**("Fraudulent" Business Practices in Violation of
The Unfair Competition Law ("UCL"), Bus. & Prof. Code 17200, et seq.)**

3

4

5    41.    Plaintiff hereby incorporates the foregoing paragraphs of this Complaint and restates

6    them as if they were fully written herein.

7    42.    The UCL defines unfair business competition to include any "unlawful, unfair or

8    fraudulent" act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.  Cal.

9    Bus. & Prof. Code §17200.

10   43.    A business act or practice is "fraudulent" under the Unfair Competition Law if it

11   actually deceives or is likely to deceive members of the consuming public.

12   44.    B&J's acts and practices of mislabeling their products as all natural despite the fact

13   they contained alkalized cocoa that is not natural and also contains a synthetic substance has the

14   effect of misleading consumers into believing the product something it is not.

15   45.    As a result of the conduct described above, B&J has been, and will continue to be,

16   unjustly enriched at the expense of Plaintiff and members of the proposed Class.  Specifically, B&J

17   has been unjustly enriched by the profits it has obtained from Plaintiff and the Class from the

18   purchases of Ice Cream products made by them.

19   46.    Through its unfair acts and practices, B&J has improperly obtained, and continues to

20   improperly obtain, money from members of the Class.  As such, Plaintiff requests that this Court

21   cause B&J to restore this money to Plaintiff and all Class members, to disgorge the profits B & J has

22   made on its Ice Cream products, and to enjoin B&J from continuing to violate the Unfair

23   Competition Law as discussed herein.  Otherwise, the Class may be irreparably harmed and/or

24   denied an effective and complete remedy if such an order is not granted.

25

**FOURTH CAUSE OF ACTION
(False Advertising in Violation of
California Business & Professions Code l7500, et seq.)**

26

27   47.    Plaintiff hereby incorporates the foregoing paragraphs of this Complaint and restates

28   them as if they were fully written herein.

---

11

1    48.    Plaintiff hereby incorporates by reference the allegations contained above. This cause

2  of action is brought by Plaintiff on behalf of himself, the Class members, and the general public.

3    49.    Defendant uses advertising on its packaging to sell its Ice Cream products. Defendant

4  is disseminating advertising concerning its goods which by its very nature is deceptive, untrue, or

5  misleading within the meaning of California Business & Professions Code 17500, *et seq.* because

6  those advertising statements contained on its product labels are misleading and likely to deceive, and

7  continue to deceive, members of the putative class and the general public.

8    50.    In making and disseminating the statements alleged herein, Defendant knew or should

9  have known that the statements were untrue or misleading, and acted in violation of California

10  Business & Professions Code 17500, *et seq.*

11    51.    The misrepresentations and non-disclosures by Defendant of the material facts

12  detailed above constitute false and misleading advertising and therefore constitute a violation of,

13  California Business & Professions Code 17500, *et seq.*

14    52.    Through its deceptive acts and practices, Defendant has improperly and illegally

15  obtained money from Plaintiff and members of the putative class. As such, Plaintiff requests that

16  this Court cause Defendant to restore this money to Plaintiff and members of the putative class, and

17  to enjoin Defendant from continuing to violate California Business & Professions Code §17500, *et*

18  *seq.*, as discussed above. Otherwise, Plaintiff and those similarly situated will continue to be harmed

19  by Defendant's false and/or misleading advertising.

20    53.    Pursuant to California Business & Professions Code 17535, Plaintiff seeks an order of

21  this Court ordering Defendant to fully disclose the true nature of its misrepresentations. Plaintiff

22  additionally requests an order requiring Defendant to disgorge its ill-gotten gains and/or award full

23  restitution of all monies wrongfully acquired by Defendant by means of such acts of false

24  advertising, plus interest and attorneys fees so as to restore any and all monies which were acquired

25  and obtained by means of such untrue and misleading advertising, misrepresentations and omissions,

26  and which ill-gotten gains are still retained by Defendant. Plaintiff and the putative Class may be

27  irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

28

COMPLAINT for Damages, Equitable, Declaratory and Injunctive Relief

1    54.    Such conduct is ongoing and continues to this date.  Plaintiff and the putative Class

2  are therefore entitled to the relief described below.

3

**FIFTH CAUSE OF ACTION**
**(Restitution Based On Quasi-Contract/Unjust Enrichment)**

4

5    63.    Plaintiff hereby incorporates by reference each and every allegation contained in the

6  preceding paragraphs of this Complaint as if fully rewritten herein.  Plaintiff pleads this Count in the

7  alternative.

8    64.    B&J's conduct in enticing Plaintiff and the Class to purchase its Ice Cream products

9  through its false and misleading packaging as described throughout this Complaint is unlawful

10  because the statements contained on its product labels are untrue.  B&J took monies from Plaintiffs

11  and Class members for a product promised to be "all natural," even though the product it sold is not

12  natural as specified throughout this Complaint.  B&J has been unjustly enriched at the expense of

13  Plaintiffs and the Class members as result of its unlawful conduct alleged herein, thereby creating a

14  quasi-contractual obligation on B&J to restore these ill-gotten gains to Plaintiffs and the Class.

15    65.    As a direct and proximate result of B&J's unjust enrichment, Plaintiffs and the Class

16  members are entitled to restitution or restitutionary disgorgement in an amount to be proved at trial.

17

**PRAYER**

18    WHEREFORE, Plaintiff, on behalf of himself and on behalf of the other members of the

19  Class, requests award and relief as follows:

20    A.    An order certifying that this action is properly brought and may be maintained as a

21  class action, that Plaintiff be appointed Class Representative and Plaintiff's counsel be appointed

22  Class Counsel.

23    B.    Restitution in such amount that Plaintiff and all Class members paid to purchase Ice

24  Cream products, or the profits B&J obtained from those transactions.

25    C.    An order enjoining B&J from advertising its products misleadingly, in violation of

26  California's Sherman Food, Drug and Cosmetic Law and regulations.

27    D.    An order awarding Plaintiff her costs of suit, including reasonable attorneys' fees and

28  pre and post-judgment interest.

13

COMPLAINT for Damages, Equitable, Declaratory and Injunctive Relief

1    E.     An order requiring an accounting for, and imposition of a constructive trust upon, all

2  monies received by B&J as a result of the unfair, misleading, fraudulent and unlawful conduct

3  alleged herein.

4    F.     Such other and further relief as may be deemed necessary or appropriate.

5                          **DEMAND FOR JURY TRIAL**

6        Plaintiff hereby demands a trial by jury on all causes of action and/or issues so triable.

7

8  Dated: September 29, 2010            By:  s/Michael D. Braun
                                              Michael D. Braun
9

10                                     **BRAUN LAW GROUP, P.C.**
                                       10680 West Pico Boulevard, Suite 280
11                                     Los Angeles, CA 90064

12                                     Janet Lindner Spielberg
                                       **LAW OFFICE OF JANET LINDNER**
13                                        **SPIELBERG**
                                       12400 Wilshire Boulevard, Suite 400
14                                     Los Angeles, California 90025

15
                                       Joseph N. Kravec, Jr.
16                                     Ellen M. Doyle
                                       **STEMBER FEINSTEIN DOYLE**
17                                        **PAYNE & CORDES LLC**
                                       Allegheny Building, 17th Floor
18                                     429 Forbes Avenue
                                       Pittsburgh, PA  15219
19

20                                     ***ATTORNEYS FOR PLAINTIFF***

21

22

23

24

25

26

27

28

                                        14
COMPLAINT for Damages, Equitable, Declaratory and Injunctive Relief