Janet Lindner Spielberg (SBN 221926)
**LAW OFFICES OF JANET LINDNER SPIELBERG**
12400 Wilshire Boulevard, #400
Los Angeles, California  90025
Tel:  (310) 392-8801
Fax:  (310) 278-5938
Email: jlspielberg@jlslp.com

Michael D. Braun (SBN 167416)
**BRAUN LAW GROUP, P.C.**
10680 West Pico Boulevard, Suite 280
Los Angeles, California  90064
Tel:  (310) 836-6000
Fax:  (310) 836-6010
Email: service@braunlawgroup.com

Joseph N. Kravec, Jr. (admitted *pro hac vice*)
Ellen M. Doyle (admitted *pro hac vice*)
**STEMBER FEINSTEIN DOYLE & PAYNE, LLC**
Allegheny Building, 17th Floor
429 Forbes Avenue
Pittsburgh, PA  15219
Tel:  (412) 281-8400
Fax:  (412) 281-1007
Email: jkravec@stemberfeinstein.com
Email: edoyle@stemberfeinstein.com

*ATTORNEYS FOR PLAINTIFF*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| **SKYE ASTIANA** on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**BEN & JERRY'S HOMEMADE, INC.,**<br><br>Defendant. | CASE NO.:  CV 10-4387-PJH<br><br><u>CLASS ACTION</u><br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT BEN & JERRY'S HOMEMADE, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>DATE:     March 2, 2011<br>TIME:     9:00 a.m.<br>CTRM:   3, 3rd Floor |

**INTRODUCTION**

Plaintiff, by her undersigned counsel, files this Response in Opposition to Defendant Ben & Jerry's Homemade, Inc.'s Request for Judicial Notice in Support of Its Motion to Dismiss. In moving to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure Rule 12(b)(6), Defendant asks this Court to take judicial notice of a number of unauthenticated internet web pages, facts not raised in Plaintiff's Amended Complaint, and galley proofs Defendant claims are product "labels" used at unspecified times and in unspecified places. For all the following reasons, the Court should deny Defendant's request to take judicial notice of Exhibits A though G of Defendant Ben & Jerry's Homemade, Inc.'s Request for Judicial Notice in Support of Its Motion to Dismiss (hereafter "Motion").

**STANDARD OF REVIEW**

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)(internal quotation and citation omitted). Rule 12(b)(6) expressly provides that when matters outside the Complaint are presented to and not excluded by the Court, the motion *shall* be treated as one for summary judgment pursuant to Fed.R.Civ.P. Rule 56. Fed.R.Civ.P. 12(b)(6)(emphasis added). However, a court may consider a document external to the complaint if the complaint "necessarily relies" on the document and no party contests the document's authenticity, or if the fact is a "matter of public record," without treating the motion as one under Rule 56. *Lee.* at 688-89.

Fed.R.Evid. 201(b) provides that a court can take judicial notice of a fact not within the plaintiff's complaint without converting a Rule 12(b)(6) motion into a Rule 56 motion ***only if*** the fact is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Because "the effect of judicial notice is to deprive a party of an opportunity to use rebuttal evidence, cross-examination, and argument to attack contrary evidence," courts must use caution in determining that a fact is not subject to reasonable dispute. *Rivera v. Philip Morris, Inc.*, 395 F.3d 1142, 1151 (9th Cir. 2005). *See also Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994)(holding that documents whose contents are alleged in a

1

Plaintiff's Response in Opposition to Defendant Ben & Jerry's Homemade, Inc.'s Request for Judicial Notice in Support of Its Motion to Dismiss; Case No.: CV 10-4387-PJH

complaint may be considered in ruling on a Rule 12(b)(6) only if no party questions their authenticity)(overruled on other grounds by *Galbraith v. County of Santa Clara,* 307 F.3d 1119 (9th Cir. 2002)).

## ARGUMENT

Defendant attempts to contradict facts plead in Plaintiff's Amended Complaint with extraneous documents not properly considered on a motion to dismiss through unauthenticated press releases. This is inappropriate in ruling on a Rule 12(b)(6) motion. Fed.R.Evid. 201(b).

In addition, Defendant submitted galley proofs of its labels, rather than copies of labels it actually used on its product, without indicating whether the galley proofs were final versions used or when, specifically, they were used during the class period. Neither the press releases nor the galley proofs are facts "generally known within the territorial jurisdiction of the trial court or capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" (Fed.R.Evid. 201) or documents upon which Plaintiff's Amended Complaint necessarily relies. *Lee*, 250 F.3d at 688. As Plaintiff has had no opportunity to take discovery into disputed issues regarding the specific labels Defendant used on its products during the class period, and whether Defendant stopped using the term "All Natural" on its labels before Plaintiff filed this action, the Court should not take judicial notice of extraneous documents and facts not alleged in the Amended Complaint.

**A. Private corporate press releases cannot be used to disprove facts plead in Plaintiff's complaint and are not "matter of public records" for which judicial notice applies.**

**1. Defendant's press release cannot be used to contradict facts plead in Plaintiff's Amended Complaint.**

Exhibits A and G to Defendant's Motion (together hereafter "Press Releases") are copies of what Defendant claims are a press release from Defendant's web site (Exhibit A) and a press release from the Center for Science in the Public Interest's web site (Exhibit G). Defendant introduced these Press Releases to support its argument that it announced it would remove the "ALL NATURAL" claim from its products one day before Plaintiff filed her original complaint. *See*

1  Defendant's Memorandum of Points & Authorities In Support of Defendant Ben & Jerry's
2  Homemade, Inc.'s Motion to Dismiss Amended Complaint, Docket No. 24, pp. 17-18.

3  Whether Defendant actually decided to (and did) remove the "ALL NATURAL" claim from
4  its label, and when it announced this intention, is disputed by Plaintiff in her Amended Complaint.
5  *See* Amended Complaint, Docket No. 20, ¶ 4.  As "a district court may not consider any material
6  beyond the pleadings in ruling on a Rule 12(b)(6) motion" (*Lee*, 250 F.3d at 688), it would be
7  improper to consider these Press Releases for facts that contradict allegations in the Amended
8  Complaint.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009)(on a motion to dismiss, the Court
9  must accept all factual allegations in the complaint as true).   *See also Coalition for a Sustainable
10 Delta v. John McCamman*, 725 F.Supp.2d 1162, 1183-84 (E.D.Cal. 2010)(even if judicial notice is
11 appropriate to show the existence of a document, factual information asserted in the documents
12 cannot be used to create or resolve disputed issues of material fact).   Accordingly, the Court should
13 not take judicial notice of Exhibits A or G for the purpose of establishing whether Defendant
14 removed the "ALL NATURAL" tag from its products prior to Plaintiff filing her original complaint.

15 **2.  The Press Releases have not been properly authenticated.**

16 Judicial notice of Exhibits A and G is also improper as Defendant fails to properly
17 authenticate them as what Defendant purports the Press Releases to be.  Defendant's declarants fail
18 to provide any detail whatsoever regarding the nature of the press releases such as when they were
19 made publically available, who drafted them, when they were drafted, to whom they were made
20 available, or who has the ability to add information to the private web sites where the press releases
21 came from.  *See* Declaration of David Stever in Support of Defendant Ben & Jerry's Homemade,
22 Inc.'s Motion to Dismiss, Docket No. 18)("Stever Dec.") and Declaration of Janelle Sahouria in
23 Support of Defendant Ben & Jerry's Homemade, Inc.'s Motion to Dismiss, Docket No. 17
24 ("Sahouria Dec."). For Exhibit A, Defendant's Director of Marketing, David Stever, simply states it
25 is a true and correct copy of a press release with the date September 28, 2010.  Stever Dec, ¶ 5.  Mr.
26 Stever does not attest when Exhibit A was actually issued or when it was actually uploaded onto
27 Defendant's web site and made publically available.  Indeed, the document itself indicates an
28 alternative date of November 17, 2010, nearly 2 months after Plaintiff filed her original complaint.

3

1  *See* Exhibit A.  The same holds true for Exhibit G as Defendant's counsel simply states it is a press
2  release with a date of September 27, 2010, but the document itself indicates a date of November 22,
3  2010.  *See* Sahouoria Dec, ¶ 2; compare Exhibit G.

4        Even if Defendant had indicated when the Press Releases were uploaded onto its and a third
5  party's web sites, Plaintiff would still be entitled to test whether this is true.  Any company can
6  create an internal document and call it a "press release" without actually releasing it to the public, or
7  releasing it on a date later than stated in the document.  Plaintiff has no way of knowing if Exhibit A
8  or Exhibit G were made public before Plaintiff filed her complaint.  Had Mr. Stever or Ms. Sahouria
9  attested as much, which they did not, Plaintiff would still be entitled to discovery to test the veracity
10 and bases of such testimony by at least deposing the declarants or by obtaining documents regarding
11 the actual uploading of the Press Releases onto the web sites and any other dissemination to the
12 public.  As the Press Releases are being offered for the purpose of contradicting facts plead in
13 Plaintiff's Amended Complaint (*see* Amended Complaint, ¶ 4), they are inappropriate for judicial
14 notice.  *Lee,* 250 F.3d at 688.

### 3. Press releases are not generally susceptible to judicial notice.

16       The exception to the general rule that a court not consider any material beyond the pleadings
17 unless it is a "matter of public record" refers to official documents from reliable sources.
18 Information from private web sites, including the Press Releases, are not generally known within the
19 territorial jurisdiction of the trial court or capable of accurate and ready determination by resort to
20 sources whose accuracy cannot reasonably be questioned.  Fed.R.Evid. 201(b).  When considering
21 information from the Internet, a "matter of public record" refers to documents from trusted, reliable
22 web sites such as those maintained by government agencies.  *C.B. v. Sonora School Dist*., 691
23 F.Supp.2d 1123, 1138 (E.D.Cal. 2009)(a matter of public record includes "duly recorded documents,
24 and court records available to the public through the PACER system via the internet")(citing
25 Fed.R.Evid. 201 and *United States v. Howard,* 381 F.3d 873, 876, fn. 1 (9th Cir. 2004)).[1]

---

28 [1]     Because judicial notice is appropriate for documents from web sites maintained by government agencies and court records available through PACER, Plaintiff is not opposing

4

Plaintiff's Response in Opposition to Defendant Ben & Jerry's Homemade, Inc.'s Request for Judicial Notice in Support of Its Motion to Dismiss; Case No.:  CV 10-4387-PJH

1  Information found on privately owned web sites is not necessarily authentic or reliable. *Ruiz v. Gap, Inc*., 540 F.Supp.2d 1121, 1124 (N.D.Cal. 2008)(refusing to take judicial notice of materials from internet web sites, finding it is not information "which is generally known within the territorial jurisdiction of the trial court or capable of accurate and ready determination…. In short, these materials are not remotely akin to the type of facts which may be appropriately judicially noticed"). As another District Court aptly stated, "a request to take judicial notice of documents from a private website maintained by one of the parties to the case, and without any information about how the documents were created or posted to the site, should be viewed with a healthy dose of skepticism." *Koenig v. USA Hockey, Inc*., No. 2:09-cv-1097, 2010 WL 4783042, *2 (S.D.Ohio Jun 14, 2010). *See also Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007)("A company's website is a marketing tool. Often, marketing material is full of imprecise puffery that no one should take at face value. Thus courts should be wary of finding judicially noticeable facts amongst all the fluff; private corporate websites, particularly when describing their own business, generally are not the sorts of 'sources whose accuracy cannot reasonably be questioned,' FED.R.EVID. 201(b), that our judicial notice rule contemplates")(internal citation omitted).

Accordingly, the Press Releases here are from private web sites generally not "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" and not proper for judicial notice. Fed.R.Evid. 201(b). *See also Demers, Jr. v. Pilkington North American, Inc*., 2010 WL 4683780, *3 Fn.3 (D.N.H. Nov. 10, 2010)("with the exception of government websites and the like, the Internet would not appear to qualify as a source whose accuracy cannot reasonably be questioned"); *Alameda v. Nuveen Mun. High Income Opportunity Fund*, No. C 08-4575 SI, 2009 WL 1424529, *6-7 (N.D.Cal. May 20, 2009)(refusing to take judicial notice on information from a web site where the Court did not know when the information was available to the public); *Osborne v. Pinsonneault*, No. 4:07 CV-002-JHM, 2009 WL 1046008, *9 (W.D.Ky. April 20, 2009)(refusing to take judicial notice of equipment manuals

---

Defendant's Motion as it relates to Exhibits H through N which includes court filings and the Food and Drug Administration's rules and guidelines.

5

Plaintiff's Response in Opposition to Defendant Ben & Jerry's Homemade, Inc.'s Request for Judicial Notice in Support of Its Motion to Dismiss; Case No.: CV 10-4387-PJH

found on the manufacturer's web site holding that information obtained from a private website is neither a public record or government document and thus the information found on these websites cannot be verified for accuracy and authenticity); *Experian Information Solutions, Inc. v. Lifelock, Inc.*, 633 F.Supp.2d 1104, 1106-07 (C.D.Cal. 2009)(refusing to take judicial notice of the Governor of Connecticut's web page as the material on the page is not "capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned").

Plaintiff has no way of knowing at this stage whether Exhibits A or G are authentic. While Defendant argues the Press Releases show it decided to change its labels before Plaintiff filed her action, the dates of the Press Releases are November 17, 2010 (Exhibit A) and November 22, 2010 (Exhibit G), nearly two months after Plaintiff's complaint was filed. *See* Docket No. 1. Judicial notice is only appropriate if the fact is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b). The Press Releases here do not fit either of these exceptions so the Court should not consider this evidence on a motion to dismiss. As the authenticity of the Press Releases and the information contained therein are subject to a reasonable dispute, the Court should not take judicial notice of Exhibits A and G which purport to be press releases from Defendant's and another private, third party entity's web page. *Rivera*, 395 F.3d at 1151.

**B. The authenticity of Defendant's "galley proof" labels is also subject to a reasonable dispute.**

The Court should also decline to take judicial notice of Defendant's galley proofs of its "Ben & Jerry's Cherry Garcia" product (Defendant's Motion, Exhibits B through F) as there is a reasonable dispute regarding whether they are the actual labels used on its products. Fed.R.Evid. 201. Much like the press releases discussed above, Plaintiff has no way of knowing, at this early stage in the litigation, whether the galley proofs Defendant proffers are authentic or final versions of the labels actually used or some prior draft. Thus, Plaintiff cannot stipulate that the galley proofs were ever used as Defendant's actual labels for the purpose of judicial notice.

1    Exhibits B though D to Defendant's Motion are what the Defendant claims to be "carton
2 label[s] [] used prior to September 2010." Defendant's Motion, p. 2. Although strikingly similar to
3 Defendant's product purchased by Plaintiff – each indicates the product is "All Natural" and list
4 cocoa (processed with alkali) in the ingredients without specifying the type of alkali used as alleged
5 in the Amended Complaint – Exhibits B through D are not the actual product containers used in
6 commerce, or even copies thereof. Instead, they are merely galley proofs of labels and not
7 necessarily true and accurate copies of Defendant's labels themselves. Indeed, the galley proofs
8 could very well be never used drafts of labels actually used. Labeling these galley proofs as
9 something that Plaintiff's Amended Complaint necessarily relies on without having shown that they
10 are the actual labels used on its product at the time when and location where Plaintiff purchased
11 Defendants' ice cream does not make them proper evidence to be considered on a motion to dismiss.
12 Defendant's Motion, p. 3. Any evidence Defendant seeks to introduce must still be authentic. *Lee*,
13 250 F.3d at 688-89.

14    As Defendant is seeking to dismiss Plaintiff's claims, the Court should not simply take
15 Defendant's word that the galley proofs provided are the actual labels used for its products. *Rivera,*
16 395 F.3d at 1151. Defendant does not state whether the galley proofs are drafts or the final galley
17 proofs chosen and made into labels; Defendant does not indicate at what period of time these galley
18 proofs were used in commerce; Defendant does not indicate if it made changes to its products' labels
19 during the class period or if those changes are material to Plaintiff's claims; Defendant does not
20 indicate if the galley proofs were labels used in California, nationwide, or otherwise; Defendant does
21 not indicate if the galley proofs were the labels used on its products at the location where or when
22 Plaintiff purchased Defendant's ice cream; and Defendant does not indicate if the galley proofs are
23 one of many draft galley proofs for its products and what, if any, material differences exist amongst
24 them. Defendant has simply left Plaintiff and the Court guessing whether the galley proofs are truly
25 the labels used on its product that Plaintiff purchased without any confirming discovery. The
26 inability to authenticate Defendant's galley proofs as the actual labels used at this stage in the
27 litigation prior to discovery makes consideration of them inappropriate on a motion to dismiss.
28 *Branch*, 14 F.3d at 454.

7

Plaintiff's Response in Opposition to Defendant Ben & Jerry's Homemade, Inc.'s Request for Judicial Notice in Support of Its Motion to Dismiss; Case No.: CV 10-4387-PJH

1  Defendant's authority does not support the proposition that the Court should take judicial
2  notice of unauthenticated galley proofs as the actual labels used for the purpose of ruling on a
3  motion to dismiss.  In *Wright v. General Mills, Inc.*, No. 08cv1532 L(NLS), 2009 WL 3247148, *5
4  (S.D.Cal. September 30, 2009), the Court took judicial notice of the defendant's various labels and
5  packaging items subject to the litigation because, unlike here, "neither party contests the authenticity
6  of the documents."  In *In re Silicon Graphics Inc. Securities Litigation*, 183 F.3d 970, 986 (9th Cir.
7  1999)(abrogated on other grounds *South Ferry LP, No. 2 v. Killinger*, 542 F.3d 776 (9th Cir. 2008)),
8  the Court approved of the consideration of official documents filed with the Securities and Exchange
9  Commission that were heavily cited in the plaintiff's complaint as a basis for security fraud
10 allegations brought.  In neither of these cases did the courts take judicial notice of galley proofs of
11 advertising in which a party questioned the authenticity of the document because there is nothing to
12 indicate they are authentic.  In similar situations, courts do not allow the evidence to come in absent
13 discovery.  *See, e.g., Peviani v. Hostess Brands, Inc.*, --- F.Supp.2d ---, 2010 WL 4553510, 3
14 (C.D.Cal. November 3, 2010)(declining to take judicial notice of labels of the defendant's product
15 subject to false advertising claims).

16  Exhibits E and F, besides being galley proofs and not the actual labels used on any product,
17 should not be considered for an additional reason.  Defendant claims Exhibits E and F are "label[s]
18 introduced in September 2010," which presents additional problems with authenticity because there
19 has been no showing what "introduced" means.  Defendant's Motion, p. 1. Plaintiff has no way of
20 knowing at this stage if or when all of Defendant's "All Natural" labels were recalled from store
21 shelves.  Plaintiff also has no way of knowing at this stage whether Defendant has stopped using the
22 "All Natural" labels and replaced them with any new labels – much less the galley proofs Defendant
23 provided – and on which specific date.  Indeed, these labels, which Mr. Stever acknowledges are
24 maintained internally by Defendant, are neither documents upon which Plaintiff's Amended
25 Complaint necessarily relies, nor are they matters of public record appropriate for judicial notice.
26 *Lee*, 250 F.3d at 688-89.

27  Whether any of Defendant's galley proofs (Exhibits B through F) are authentic is in question
28 and can only be answered through discovery.  While Plaintiff has good grounds to believe that

Defendant's labels were sufficiently uniform for class certification purposes, Plaintiff would need to know how many different "All Natural" labels Defendant used during the class period; whether any material differences exist in its "All Natural" labels used during any portion of the class period; when and where the different "All Natural" labels were actually used; whether and when Defendant removed the "All Natural" language from all of its products containing cocoa (processed with alkali); whether the galley proofs Defendant attached as Exhibits E and F are indicative of the labels it is using or will use on its other products in the future; when the decision was made to remove the "All Natural" language from its labels; when new labels were actually created and used on Defendant's product; and what enforcement or binding effect any agreement Defendant has entered into with anyone else to prevent it from putting the "All Natural" tag back onto its products.[2] Accordingly, the Court should decline to take judicial notice of any of Defendant's galley proofs that it suggests are labels for its products. *See Ferrington v. McAfee, Inc.*, No. 10-CV-01455-LHK, 2010 WL 3910169, *3-4 (N.D.Cal. October 5, 2010)(refusing to take judicial notice of the defendant's internal corporate web pages that were subject to reasonable dispute about their authenticity).

## CONCLUSION

As Defendant is moving to dismiss Plaintiff's claims under Fed.R.Civ.P. 12(b)(6), the court cannot base its ruling on potentially inauthentic evidence. For this and all the above reasons, the Court should not take judicial notice of Exhibits A through G of Defendant's Motion.

Dated:  February 9, 2011                By:   s/Joseph N. Kravec, Jr.
                                              Joseph N. Kravec, Jr.
                                              (admitted *pro hac vice*)

                                              Ellen M. Doyle (admitted *pro hac vice*)
                                              **STEMBER FEINSTEIN DOYLE**
                                                **& PAYNE, LLC**
                                              Allegheny Building, 17th Floor
                                              429 Forbes Avenue
                                              Pittsburgh, PA  15219

---

[2]   If the Court deems it appropriate by converting Defendant's motion to dismiss into a motion for summary judgment under Rule 56 to consider Defendant's evidence, Plaintiff would file the appropriate motion under Rule 56(f) to seek discovery of just such information relevant to Defendant's motion.

9

Plaintiff's Response in Opposition to Defendant Ben & Jerry's Homemade, Inc.'s Request for Judicial Notice in Support of Its Motion to Dismiss; Case No.:  CV 10-4387-PJH

Michael D. Braun (167416)
**BRAUN LAW GROUP, P.C.**
10680 West Pico Boulevard, Suite 280
Los Angeles, CA 90064

Janet Lindner Spielberg (221926)
**LAW OFFICE OF JANET LINDNER SPIELBERG**
12400 Wilshire Boulevard, Suite 400
Los Angeles, California 90025

*ATTORNEYS FOR PLAINTIFF*

---

10

Plaintiff's Response in Opposition to Defendant Ben & Jerry's Homemade, Inc.'s Request for Judicial Notice in Support of Its Motion to Dismiss; Case No.:  CV 10-4387-PJH

# PROOF OF SERVICE

STATE OF PENNSYLVANIA     )
                          )  ss.:
COUNTY OF ALLEGHENY       )

I am employed in the County of Allegheny, State of Pennsylvania. I am over the age of 18 and not a party to the within action. My business address is 429 Forbes Avenue, Allegheny Building, 17th Floor, Pittsburgh, PA 15219.

On February 9, 2011, using the Northern District of California's Electronic Case Filing System, with the ECF ID registered to Joseph N. Kravec, Jr., I filed and served the document(s) described as:

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT BEN & JERRY'S HOMEMADE, INC.'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS**

[X]  **BY ELECTRONIC TRANSMISSION USING THE COURT'S ECF SYSTEM:** I caused the above document(s) to be transmitted by electronic mail to those ECF registered parties listed on the Notice of Electronic Filing (NEF) pursuant to Fed.R.Civ.P. 5(d)(1) and by first class mail to those non-ECF registered parties listed on the Notice of Electronic Filing (NEF). *"A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P. 5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."*

I declare that I am employed in the office of an attorney who is admitted *pro hac vice* in this action at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on February 9, 2011, at Pittsburgh, Pennsylvania.

                                               s/Marcia Z. Carney
                                                 Marcia Z. Carney