1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Joseph N. Kravec, Jr. (admitted *pro hac vice*)
Ellen M. Doyle (*pro hac* to be filed)
**STEMBER FEINSTEIN DOYLE & PAYNE, LLC**
Allegheny Building, 17th Floor
429 Forbes Avenue
Pittsburgh, PA  15219
Tel:  (412) 281-8400
Fax:  (412) 281-1007
Email:  jkravec@stemberfeinstein.com
Email:  edoyle@stemberfeinstein.com

*Attorneys for Plaintiff Skye Astiana (additional*
*counsel listed on signature page)*

William L. Stern (CA SBN 96105)
Janelle J. Sahouria (CA SBN 253699)
**MORRISON & FOERSTER LLP**
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

*Attorneys for Defendant Ben & Jerry's Homemade,*
*Inc.*

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

#### OAKLAND DIVISION

| | |
|---|---|
| SKYE ASTIANA on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>BEN & JERRY'S HOMEMADE, INC.,<br><br>        Defendant. | CASE NO.:  10-CV-4387 PJH<br><br>**CLASS ACTION**<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>DATE:     July 21, 2011<br>TIME:     2:00 p.m.<br>CTRM:   3, 3rd Floor |

1      The parties submit this Joint Case Management Statement pursuant to this Court's

2   April 13, 2011 (Dkt. 53), and Rules 16 and 26(f) of the Federal Rules of Civil Procedure.  The

3   parties have conducted their Rule 26(f) conference.

4          1.      JURISDICTION AND SERVICE

5      Defendant was properly served on October 5, 2010 (Dkt. 4).  The parties agree that this

6   Court has subject matter jurisdiction, and there are no issues with respect to personal jurisdiction

7   or venue.

8          2.      FACTS

9      The allegations of Plaintiff's First Amended Complaint (Dkt. 20) is summarized in this

10  Court's May 26, 2011 Order Denying Motions to Dismiss and Motions to Strike (Dkt. 62).  In

11  short, *Astiana* is a class action brought against Ben & Jerry's Homemade, Inc. on behalf of a

12  nationwide class and a California sub-class of consumers who purchased "all natural" Ice Cream

13  products which contained alkalized cocoa processed with potassium carbonate, an alleged man

14  made, synthetic ingredient beginning September 29, 2006 through the present.

15     Defendant denies that any of the alleged laws were violated.

16         3.      LEGAL ISSUES

17     Plaintiff alleges the following six causes of action:  (1) Common Law Fraud; (2) violation

18  of the unlawful prong of California's Business and Professions Code §17200 et. seq.;

19  (3) violation of the unfair prong of California's Business and Professions Code §17200 et. seq.;

20  (4) violation of the fraudulent prong of California's Business and Professions Code §17200 et.

21  seq.; (5) violation of California Business & Professions Code l7500 et. seq.; and (6) Restitution

22  Based On Quasi-Contract/Unjust Enrichment.  (Dkt. 20.)  Plaintiff also seeks injunctive and

23  declaratory relief.

24         4.      MOTIONS

25     Plaintiff

26     Plaintiff anticipates filing a motion for class certification after having an appropriate time

27  to conduct discovery.  Plaintiff may also file a motion for summary judgment as to liability after

28  the completion of sufficient discovery.

1  **Defendant**

2  Defendant filed a motion to dismiss the First Amended Complaint. (Dkt. 24). The motion

3  was denied. (Dkt. 62.) Defendant anticipates filing a motion for summary judgment.

4        5.      AMENDED PLEADINGS

5  The parties agree that they have until December 5, 2011 to amend the pleadings with the

6  further understanding that either party may make a motion to amend thereafter, upon a showing

7  of good cause.

8        6.      EVIDENCE PRESERVATION

9  Defendant and Plaintiff have each represented that steps have been taken to preserve

10 evidence relevant to this litigation. Plaintiff has since the inception of this lawsuit either provided

11 documents and evidence relevant to this litigation to his undersigned counsel or have

12 acknowledged that she will retain any such relevant evidence. Defendant has distributed

13 document retention notices to appropriate document custodians requiring affirmative steps to

14 retain relevant documents or discoverable evidence in their possession, custody, or control. The

15 parties will continue to discuss whether and to what extent any additional steps may be necessary

16 to ensure the preservation of relevant evidence. The parties will meet and confer regarding the

17 scope and nature of electronic discovery in this case as required by and consistent with applicable

18 law and the local rules. If the parties are unable to reach an understanding on evidence

19 preservation or electronic discovery, the disputed matter will be submitted to the Court for a

20 formal order.

21       7.      INITIAL DISCLOSURES

22 The parties have agreed to exchange their initial disclosures by August 1, 2011.

23 The parties have agreed to seek entry of a Protective Order to govern the use and

24 disclosure of confidential information in this litigation using the form approved in this District.

25       8.      DISCOVERY

26 Plaintiff served Defendant with their First Set of Requests for Production of Documents

27 and First Set of Interrogatories on June 16, 2011, following the first Fed. R. Civ. P. 26(f)

28 conference in this action. Defendant has not served Plaintiff with any formal discovery.

1    As noted, the parties shall shortly submit a Stipulation and [Proposed] Protective Order

2    consistent with the form used in this District.  The parties began conferring regarding discovery

3    of electronically stored information (ESI), search protocols, and the format of document

4    production at the Fed. R. Civ. P. 26(f) Conference, and will continue the process as the parties

5    continue to obtain more information related to those issues.

6    The parties do not currently anticipate the need to modify the limitations of the discovery

7    rules, but respectfully reserve their right to seek relief from such limitation should the need arise

8    later.

9    Proposed discovery schedules are set in Section 20(b) below.

10   9.    CLASS ACTIONS

11   Plaintiff anticipates filing motions for class certification after having an appropriate time

12   to conduct discovery.

13   10.    RELATED CASES

14   *Astiana* is currently related to *Thurston v. Conopco, Inc. d/b/a Unilever (formerly d/b/a*

15   *Good Humor-Breyers) d/b/a Breyers.*, Case No. 10-cv-04937-PJH (N.D. Cal.) and *Catanese v.*

16   *Unilever d/b/a Breyers*, Case No. 11-cv-01811-PJH (N.D. Cal.).

17   Whereas this case (*Astiana*) challenges the use of the phrase "all natural" on Ben &

18   Jerry's ice cream products, *Thurston* and *Catanese* challenge the use of "all natural" on Breyers'

19   ice cream products.  Both brands are owned by the same corporate parent, although different

20   subsidiaries are named as Defendants in each case.

21   The *Astiana* case was filed first and is the only case against Ben & Jerry's.  *Thurston* is

22   the first filed case against Breyers.

23   The three cases have not been consolidated for trial purposes.  As noted under Part B, the

24   parties agree that for pretrial purposes, the case against Ben & Jerry's and the two cases against

25   Breyers can be coordinated, but sufficient differences in issues, evidence, and witnesses exist

26   such that the case against Ben & Jerry's should be tried separately from the two cases against

27   Breyers.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11.   <u>RELIEF</u>

Based upon Defendant's conduct asserted in the Amended Complaint, Plaintiff seeks the following relief:

(1)   An order certifying that this action is properly brought and may be maintained as a class action, that Plaintiffs be appointed Class Representative and Plaintiffs' counsel be appointed Class Counsel.

(2)   Restitution in such amount that Plaintiff and all Class members paid for Defendant's misleading and misbranded products, or the profits, charges and fees Defendant obtained for them.

(3)   An order enjoining Defendant from continuing to violate federal and state laws through misleading labeling and misbranding of its ice cream products.

(4)   An order awarding Plaintiff the costs of suit, including pre and post-judgment interest.

(5)   An order awarding Plaintiff's counsel's attorneys' fees.

(6)   An order requiring an accounting for, and imposition of a constructive trust upon, all monies received by Defendant as a result of the unfair, fraudulent and unlawful conduct alleged herein.

(7)   Such other and further relief as may be deemed necessary or appropriate.

12.   <u>SETTLEMENT AND ADR</u>

The parties have agreed to participate in private mediation by October 23, 2011. (Dkt. 65.)  The mediation (in all of the related cases) is scheduled for September 14, 2011.

13.   <u>CONSENT TO MAGISTRATE</u>

On October 26, 2010, Plaintiff filed a Declination to Proceed Before a Magistrate Judge and Request for Reassignment to a United States District Judge.  (Dkt. 12.)  The parties do not consent to assignment of the litigation to a U.S. Magistrate Judge for court trial.

14.   <u>OTHER REFERENCES</u>

None.

15. <u>NARROWING OF ISSUES</u>

The parties are not aware of any issues that can be narrowed by agreement.

16. <u>EXPEDITED SCHEDULE</u>

The parties do not believe this case can be handled on an expedited basis with streamlined procedures.

17. <u>SCHEDULING</u>

*See* Section 20(B).

18. <u>TRIAL</u>

Plaintiff has requested a jury trial with respect to claims that may be so adjudicated.

If a class is certified, Defendant anticipates a jury trial of one week.  If class certification is denied and plaintiff chooses to proceed to trial individually, this could be a one-day trial.

19. <u>DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS</u>

The parties in *Astiana* filed certificates of interested parties.  (Dkt. 2, 11.)

20. <u>OTHER MATTERS</u>

The parties anticipate the production of confidential documents and have accordingly agreed to negotiate a protective order based on this District's approved form.  The parties anticipate filing such order shortly.

A.     <u>STATEMENT PURSUANT TO L. R. 16-9(b)</u>

<u>Plaintiff's Statement</u>

This is a class action was brought by Plaintiff against Ben & Jerry's Homemade, Inc. on behalf of a nationwide class and a California sub-class of consumers who purchased "all natural" Ice Cream products which contained alkalized cocoa processed with potassium carbonate, a man made, synthetic ingredient beginning September 29, 2006 through the present.  Plaintiff will seek class certification pursuant to Fed. R. Civ. P 23(a) and 23(b)(1), (b)(2), and (b)(3).  Courts in this District have certified nationwide classes in similar food product false labeling consumer class actions. *See Zeisel v. Diamond Foods, Inc.*, 2011 WL 2221113 (N.D. Cal., June 7, 2011) (White, J.)(certifying nationwide class under UCL and CLRA); *Chavez v. Blue Skye Natural Bev. Co.,*

1   *Inc.*, 268 F.R.D. 365 (N.D.Cal. 2010) (Walker, J.) (certifying nationwide common law fraud

2   claims).

3          There are thousands of class members who are geographically dispersed throughout the

4   United States, including California, making the class sufficiently numerous and making joinder

5   impracticable.

6          Common questions of law or fact exist as to all members of the Class.  Plaintiff has

7   alleged a common course of conduct by Defendant to use unlawful, misleading and misbranded

8   labels to entice individuals to purchase its products.  Common questions predominate over any

9   questions affecting only individual class members.  These common legal or factual questions

10  include:

11         A.     Whether Defendant's labels contained unlawful, unauthorized and misleading "all

12                natural" claims;

13         B.     Whether Defendant's labels violated the labeling provisions of the Sherman Law

14                at California's Health & Safety Code §110660;

15         C.     Whether Defendant's actions in violation of California's Health & Safety Code

16                §110660 described herein also violate California's Business and Professions Code

17                17200 et seq.;

18         D.     Whether Defendant's misrepresentations were likely to deceive class members or

19                the general public;

20         E.     Whether Defendant's actions in violation of California's Health & Safety Code

21                §110660 described herein also violate California's Business and Professions Code

22                17500 et seq.; and

23         F.     The appropriate measure of damages, restitution and/or restitutionary

24                disgorgement;

25         G.     Whether Defendant's labels its Ice Cream products as "all natural;" and

26         H.     Whether the alkalized cocoa used in Defendant's Ice Cream products is processed

27  with a synthetic ingredient.

28

1       Plaintiff's claims are typical of the claims of the Class, in that Plaintiff purchased

2  Defendant's Ice Cream products based upon its unlawful, misleading and misbranded labels.

3  Plaintiff is no different in any relevant respect from any other Class member.

4       Plaintiff is an adequate representative of the Class because her interests do not conflict

5  with the interests of the class members they seek to represent, and she has retained counsel

6  competent and experienced in conducting complex class action litigation.

7       Finally, a class action is superior to other available means for the fair and efficient

8  adjudication of this dispute.  The damages, restitution and/or restitutionary disgorgement for each

9  individual class member likely will be relatively small, especially given the cost per package of

10  Defendant's Ice Cream products and the burden and expense of individual prosecution of the

11  complex litigation necessitated by Defendant's alleged conduct.  Thus, it would be virtually

12  impossible for the class members individually to effectively redress the wrongs done to them.

13  Moreover, even if the class members could afford individual actions, it would still not be

14  preferable to class wide litigation.  Individualized actions present the potential for inconsistent or

15  contradictory judgments.  By contrast, a class action presents far fewer management difficulties

16  and provides the benefits of single adjudication, economies of scale, and comprehensive

17  supervision by a single court.

18       Plaintiff intends to move for class certification according to Plaintiff's schedule set forth

19  in paragraph 20(b).

20       Defendant's Statement

21       Defendant disagrees that class certification is appropriate, and intends to oppose class

22  certification and move for summary judgment against the named plaintiff.

23       B.    PROPOSED LITIGATION SCHEDULE

24       The parties are in agreement that *Astiana* (Ben & Jerry's) *Thurston* (Breyers) and

25  *Catanese* (Breyers) should be coordinated for pretrial discovery.  The parties also agree that for

26  purposes of trial, *Thurston* and *Catanese* should be tried together and *Astiana* should be tried

27  separately.

28

1    The parties, however, disagree over three issues:  (1) whether discovery should be

2  bifurcated into a pre-certification and post-certification phase; (2) the amount of time needed to

3  complete discovery; and (3) whether *Astiana* should be tried first.  These differences are

4  highlighted by the competing pretrial schedules being proposed by the parties, as set forth below:

5        Plaintiff's Position

6    Plaintiff does not propose to bifurcate discovery.  Rather, she proposes a structure for

7  discovery to give the parties the opportunity to avoid taking discovery that might be rendered

8  needless based on the Court's class certification ruling.  Specifically, Plaintiff proposes an initial

9  period of discovery focused on what the parties believe they need to present for the Motion for

10  Class Certification to this Court.  In the initial period of class focused discovery neither party

11  would be prevented from taking merits discovery since merits and class discovery often overlap.

12  However, it does permit the parties to narrow the amount of discovery they need to take prior to

13  class certification knowing they can complete any merits discovery not taken after the Court rules

14  on class certification.  Once the Court rules on class certification, the parties can review the

15  Court's decision and determine in light of that decision what additional merits discovery is

16  needed and what merits discovery is not needed and propose an appropriate remaining pre-trial

17  schedule to the Court.  The parties would then be permitted to complete merits discovery to the

18  extent it does not duplicate or repeat discovery already taken by that party.

19    Plaintiff's proposed process promotes efficiency and avoids needless costs by permitting

20  the parties to avoid discovery that the Court's class certification decision may show is not needed.

21  It is true that to some degree this structure relies on the professionalism, experience and

22  cooperation of all counsel to be most effective.  Plaintiff believes the counsel in this case will

23  make this structure successful.  It is also noteworthy that this or a similar structure has been

24  adopted by the courts and/or agreed to by the parties in virtually every class action the

25  undersigned counsel have been involved in, and numerous of these have been in this District, and

26  none of those courts ordered the completion of all merits discovery prior to addressing the class

27  certification issue.

28

Plaintiff believes the issue of whether *Astiana* or *Thurston/ Catanese* should be tried first need not be made at this time.  All cases will be on the same pre-trial schedule.  As the issues and discovery develops in each case, it may be shown that it would be more efficient to try one case over the other.

Plaintiff therefore respectfully requests that this Court defer any ruling on which case should be tried first, and approve Plaintiff's proposed schedule below:

| EVENT | PROPOSED DEADLINE |
|---|---|
| Mediation to be held by: | October 23, 2011 (Dkt. 65).  The mediation is currently scheduled for September 14, 2011. |
| Initial Disclosures | August 1, 2011 |
| Deadline to add additional parties or claims: | December 5, 2011 (without waiver of right to amend later upon a showing of good cause and in conformance with Fed. R. Civ. P. 15) |
| Completion of fact discovery related to class certification and named Plaintiffs | December 21, 2011 |
| * Plaintiffs' Motion for Class Certification, and any Motion(s) for Summary Judgment as to the Named Plaintiffs | January 11, 2012 |
| * Defendant's Response to Motion for Class Certification, and any Responses to Motion(s) for Summary Judgment as to the Named Plaintiffs | February 1, 2012 |
| * Plaintiffs' Reply re: Motion for Class Certification, and any Reply(ies) and Motion(s) for Summary Judgment as to the Named Plaintiffs | February 15, 2012 |
| Hearing on Motion for Class Certification | March 7, 2012 |
| ** Merits Discovery Cutoff | |
| ** Expert Reports – Merits | |
| ** Rebuttal Expert Reports - Merits | |
| ** Expert Discovery Cutoff – Merits | |

| EVENT | PROPOSED DEADLINE |
|---|---|
| ** Dispositive Motion Cutoff | |
| ** Other Motion Cutoff (other than Motions in Limine) | |
| ** Pretrial Conference (hearing on Motions in Limine, agreed jury instructions and verdict forms, proposed voir dire questions) | |
| ** Pre-Trial Briefs | |
| ** Trial Date | |

*  Plaintiff does not presently anticipate submitting an expert report as to either the Motion for Class Certification or any Motion for Summary Judgment as to the Named Plaintiff.  Defendant reserves the right to submit expert reports.  The parties agree that if they should later decide to submit an expert report or rebuttal expert report that they shall cooperate in providing advance notice of the use of an expert and in seeking an appropriate extension of the motions schedule from the Court to permit expert discovery.

**   Plaintiff respectfully suggests that the Court schedule a Case Management Conference following its ruling(s) on motions for summary judgment and/or class certification to schedule all additional class, merits, and other remaining pre-trial proceedings.

1     <u>Defendant's Position</u>

2         Plaintiff has chosen to argue her case, which reluctantly requires Defendant to have to

3 reply.  We are prepared to make the case for our proposed schedule at the hearing, but these are,

4 in general, our reasons.

5         We agree that what Plaintiff propose isn't truly bifurcation.  It's worse.  It contemplates

6 two <u>un</u>-bifurcated phases of discovery with an intermission (for class certification) in between.

7 That is hugely unfair to Defendant, and wasteful of resources.

8         This is not a fact-intensive case.  Discovery will be of limited scope since the focus of the

9 lawsuits is on the legal definition of "natural" and on the product labels.  Therefore, class and

10 merit-based discovery should both proceed and conclude simultaneously, with class certification

11 to follow.

12         Defendant also requests that trial be held in *Astiana* (Ben & Jerry's) first.  It is the first-

13 filed case.  While it presents the same issues as *Thurston* and *Catanese* (Breyers), it also presents

14 several additional issues not present in those cases.  Defendant proposes that no trial date be set in

15 the Breyers's cases, rather, that the Court set a pretrial conference in the Breyers' cases (*Thurston*

16 and *Catanese*) after judgment is issued in *Astiana*.

17         Defendant's proposed schedule is set forth below.

18

19

20

21

22

23

24

25

26

27

| EVENT | PROPOSED DEADLINE |
|---|---|
| Mediation to be held by: | October 23, 2011 (Dkt. 65).  The mediation is currently scheduled for September 14, 2011. |
| Initial Disclosures | August 1, 2011 |
| Deadline to add additional parties or claims: | December 5, 2011 (without waiver of right to amend later upon a showing of good cause and in conformance with Fed. R. Civ. P. 15) |
| Completion of fact discovery | January 27, 2012 |

28

| EVENT | PROPOSED DEADLINE |
|---|---|
| Disclosure of identities and reports of expert witnesses: | February 3, 2012 |
| Disclosure of identities and reports of rebuttal witnesses: | March 9, 2012 |
| All Case Dispositive Motions and Class Certification to be heard at 9:00 a.m. on or before: | April 18, 2012 |
| Final Pretrial Conference at 2:00 p.m. on: | July 26, 2012 |
| Trial: | August 20, 2012[1] |

Dated: July 14, 2011

**STEMBER FEINSTEIN DOYLE & PAYNE, LLC**

By:  /s/ *Joseph N. Kravec, Jr.*
     Joseph N. Kravec, Jr.

Ellen M. Doyle
Allegheny Building, 17th Floor
429 Forbes Avenue
Pittsburgh, PA  15219
Phone:  (412) 281-8400
Fax:  (412) 281-1007

Janet Linder Spielberg
**LAW OFFICE OF JANET LINDNER SPIELBERG**
12400 Wilshire Blvd., Suite 400
Los Angeles, CA 90025
Phone:    (310) 392-8801
Fax:       (310) 278-5938

---

[1] Defendant requests that the trial in *Astiana* be held on August 20, 2012 and that the related-cases *Thurston* and *Catanese* be held for trial after judgment is entered in *Astiana*.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Michael D. Braun
**BRAUN LAW GROUP, P.C.**
10680 W. Pico Boulevard, Suite 280
Los Angeles, CA 90064
Phone: (310) 836-6000
Fax:     (310) 836-6010


*Attorneys for Plaintiff Skye Astiana*

Dated:  July 14, 2011

**MORRISON & FOERSTER LLP**


By:     /s/ William L. Stern
         William L. Stern

William L. Stern (CA SBN 96105)
Janelle J. Sahouria (CA SBN 253699)
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

*Attorneys for Defendant Ben & Jerry's Homemade,
Inc.*

### ECF ATTESTATION

I, Janelle J. Sahouria, am the ECF User whose ID and Password are being used to file this:

JOINT CASE MANAGEMENT STATEMENT.

In compliance with General Order 45, X.B., I hereby attest that Joseph N. Kravec, Jr. and

William L. Stern have concurred in this filing.

Dated: July 14, 2011                    MORRISON & FOERSTER LLP


By:  /s/ Janelle J. Sahouria
         Janelle J. Sahouria