Michael D. Braun (167416)
**BRAUN LAW GROUP, P.C.**
10680 W. Pico Blvd., Suite 280
Los Angeles, CA 90064
Phone:  (310) 836-6000
Fax:      (310) 836-60106
E-Mail: service@braunlawgroup.com

Joseph N. Kravec, Jr. (*pro hac vice*)
Wyatt A. Lison (*pro hac vice*)
**FEINSTEIN DOYLE PAYNE &
  KRAVEC LLC**
Allegheny Building, 17th Floor
429 Forbes Avenue
Pittsburgh, PA  15219
Tel:  (412) 281-8400
Fax: (412) 281-1007
Email: jkravec@fdpklaw.com
Email: wlison@fdpklaw.com

Janet Lindner Spielberg (221926)
**LAW OFFICES OF JANET LINDNER
   SPIELBERG**
12400 Wilshire Boulevard, Suite 400
Los Angeles, California  90025
Tel:  (310) 392-8801
Fax:  (310) 278-5938
Email:  jlspielberg@jlslp.com

*Co-Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **SKYE ASTIANA on behalf of herself and all others similarly situated,**<br><br>                                            **Plaintiff,**<br><br>               v.<br><br>**BEN & JERRY'S HOMEMADE, INC.,**<br><br>                                **Defendant.** | CASE NO.:  CV 10-4387-PJH (EDL)<br><br>CLASS ACTION<br><br>**REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**<br><br>DATE:     February 18, 2014<br>TIME:      9:00 a.m.<br>CTRM:    E, 15th Floor |

## I. INTRODUCTION

By her Motion, Plaintiff has moved to compel the production of 485 documents that Defendant claims to be privileged or otherwise protected by the work product doctrine. Plaintiff's motion was based on the rationale set forth in the Court's Order of December 17, 2013 (Dkt. No. 168) relating to Defendant's attempt to claw back 12 documents which it too deemed to be privileged and/or subject to work product doctrine. By her Motion Plaintiff seeks production of documents improperly being withheld on the same grounds that this Court has already ruled to be improper. Defendant has not only refused to produce the additional documents, but has also refused to meet and confer with Plaintiff regarding her request.

Rather than address the subject documents, Defendant bases its opposition on a generalized attack on this Court's prior privilege ruling. See Defendant's Opposition (Dkt. No. 189) ("Opp.") at 3-5. While Defendant's underlying attack lacks a principled basis, more importantly and for the purposes of this motion, it is entirely misplaced.[1]

To the extent that Defendant complains that its privilege claims as to many of the 485 documents materially differ from the privilege claims of those the Court has already rejected, it should have agreed to participate in a meet and confer as provided by the Federal Rules of Civil Procedure. It may be that Plaintiff would agree with Defendant as to certain documents, just as in-camera review might demonstrate to the Court that Defendant properly withheld some subset of documents. On the present record, however, it impossible for either Plaintiff or the Court to determine whether any of the 485 documents are privileged or otherwise deserving of work product protection. Moreover, given that Defendant bears the burden of proof as to the application of any privilege, the Court should order production of the 485 documents.

---

[1] By separate motion before Judge Hamilton, Defendant has asked the Court to reconsider this Court's Order. Dkt. No. 184.

## II. ARGUMENT

### A. Defendant's Attack on the Court's December 17, 2013 Order Does Not Support Denial of Plaintiff's Motion

Defendant premises its Opposition largely on a blistering critique of the Court's December 17, 2013 Order. Despite its harsh words for the Court's analysis, Defendant claims that Plaintiff has "twisted and exaggerated" the Court's ruling, and "seeks to make a hurricane out of a raindrop." Opp. at 1. Contrary to Defendant's hyperbole, the Court's 12-page December 17, 2013 Order was in fact detailed and carefully reasoned. The Court applied legal principles from over ten cases. It also meticulously examined the documents that Defendant claimed were privileged, citing and relying on ample detail from their contents.

While the Court honed in on particulars (see e.g. Order at 4-6, analyzing one "framework document"), Defendant's attack on the Court is noteworthy for its vague generalities. For example, Defendant charges that the Court "exalts form over substance," but entirely fails to show how. See Opp. at 3. Defendant similarly claims that the Court's conclusion that a particular document, the framework document, was a "standard internal business document" "lacks factual basis." *Id.* at 4. To the contrary, the Court explained that the document "address[ed] multiple facets of a business issue: when to make an all-natural claim on a food product, given the technical, marketing, legal, regulatory, and competitive environments." Order at 5. The Court concluded that the document did not contain legal advice, and that there was no indication that it was prepared in anticipation of litigation, explaining: "The document touches briefly on the legislative and regulatory environment for natural claims, including two European court cases…[and] mentions, very generally, that legal considerations are involved in making natural claims." *Id.*

The Court's degree of specificity in analyzing the framework document not only refutes Defendant's accusation that the Court's analysis "lacks factual basis" but underscores the problem with Defendant's instant opposition. Putting aside its claim that the Court's reasoning was incorrect, Defendant is left asking the Court to uphold its claims of privilege and work product doctrine on

virtually no evidentiary record whatsoever. Defendant proffers none of the documents for in-camera review and just two evidentiary exhibits. See Dkt. No. 189. The latter consist of a very general 10-pargraph declaration from Defendant's counsel and a list of documents identified solely by bates number, which are assigned to just three general categories. Dkt. Nos. 189-2, 189-3.[2]

### B. Defendant Fails to Meet its Burden to Establish that it Properly Withheld the 485 Documents on the Basis of Privilege

It is black let law of this Circuit that the burden of proof is on the party claiming privilege – in this case Defendant. December 17, 2013 Order (Dkt No. 168) at 2; *see also U.S. v. Gray*, 2007 WL 1848030 (N.D.Cal. June 27, 2007) (Hamilton, J.) ("the party asserting the attorney-client privilege has the burden of proving that the privilege applies to a given set of documents or communications. *See In re Grand Jury Investigation*, 974 F.2d 1068, 1070-71 (9th Cir. 1992)). The Court likewise correctly held that a party seeking to withhold a document on the basis of the work-product doctrine bears the showing that the document was prepared in anticipation of litigation, rather than in the ordinary course of business. December 17, 2013 Order at 6 (citing *City of Glendale v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2013 WL 1797308, at *12 (D.Ariz. Apr. 29, 2013) ("Documents prepared in the ordinary course of business are not protected by the work product doctrine because they would have been created regardless of the litigation")).

Defendant is the party here that claims privilege and work product protection, yet has wholly failed to meet its burden of proof. Most obviously, Defendant fails to submit a single document for in-camera review.[3] Nor does Defendant address the documents at issue with any specificity. Instead,

---

[2] Defendant also argues that Plaintiff's Motion to Compel is "premature" in light of the fact they have sought review by Judge Hamilton, and if unsuccessful then the 9th Circuit. Opp. at 3. Litigation is not put on hold simply because a party disagrees with a judicial ruling and wishes to appeal it. Courts routinely apply reasoning from one ruling to later rulings, and absent a stay, a party cannot halt this basic litigation feature with threats of interlocutory appeals. Defendant here has not sought a stay.

[3] Defendant's instant avoidance of in-camera review mirrors its approach with its Motion to Compel the Return of Inadvertently Produced Documents (Dkt. No. 147). Therein, Defendant generally argued that 12 documents it produced to Plaintiff were privileged and enjoyed work product protection but failed to provide the Court with any of these documents. In opposing Defendant's motion, **Plaintiff** proffered the documents at issue. *See* Dkt. Nos. 157-6 to 157-18. Because it had the documents, the Court was

CASE NO.: CV 10-4387-PJH (EDL)  3  PLTF'S REPLY MPA ISO MOTION TO COMPEL

Defendant posits that "individual discussion of all 485 documents would be overly burdensome." Opp. at 7 n.6.  That could be true but it is inapposite because the level of discussion that Defendant does provide is woefully insufficient. The most specificity provided is in the supporting declaration of Defendant's counsel, Katie Roney, which only briefly alludes to **five** specific documents (which themselves presumably were cherry-picked) –  representing only one percent of the withheld documents.  See Dkt. No. 189-2.

A party asserting privilege "must always provide enough information to permit the court to review the applicability of the privilege to the documents at issue." *Coleman v. Schwarzenegger*, 2008 WL 2732182, at *3 (E.D.Cal. July 8, 2008) (citing Fed.R.Civ.P. 26 advisory committee's note (1993)).  Where the volume of documents presents a burden, the Fed.R.Civ.P. 26 advisory committee's notes advise that the party asserting the privilege should seek a protective order.  *Coleman v. Schwarzenegger*, 2008 WL 2732182, at *3.  Defendant has not sought any such order.

### C. Defendant's Claim that Most of the Subject Documents "Bear No Relation" to the 12 Documents at Issue in the Court's December 17, 2013 Order Provides no Support for Defendant's Claims of Privilege and Work Product

Defendant asserts that it need not produce any of the subject documents because the "vast majority" of the 485 documents "*bear no relation*" to the 12 documents on which the Court previously ruled.  Opp. at 1 (emphasis in the original).  This vague and unsupported assertion is unavailing for several reasons.

First, Defendant fails to identify which of the subject documents **are** related to the prior 12 documents.  There presumably is no question that these related documents must be produced unless the Court's December 17, 2013 is reversed.  Yet Defendant fails to provide either Plaintiff or the Court with any basis for identifying these related documents.  Defendant fails even to advise how many such documents there are.

---

able to make the requisite detailed analysis in its December 17, 2013 Order, which denied Defendant's Motion and concluded that all twelve documents should have been produced.

CASE NO.:  CV 10-4387-PJH (EDL)                        4                   PLTF'S REPLY MPA ISO MOTION TO COMPEL

Second, it is unclear what Defendant means by "bears no relation." The 12 prior documents bore directly on the matters at issue in this litigation, most notably the merits of Plaintiff's "all natural" claim. If Defendants are taking the unlikely stance that none of the 485 documents bear any relation to the "all natural" claim then they must provide the Court, and Plaintiff, a factual basis for the assertion. A bald assertion will not suffice.

Third, in moving to compel the return of the 12 documents at issue in the December 17, 2013 Order, Defendant argued that documents identical and similar to those it was trying to recall were identified on its privilege log, *i.e.*, likely were included in the 485 documents at issue here. Lison Dec., ¶ 7 and Dkt. No. 146. This obviously cuts against Defendant's argument (*e.g.*, Opp. at p. 6 n.4) that the December 17, 2013 Order has no bearing on resolution of Plaintiff's motion to compel.

Finally, because Defendant fails to produce any of the 485 documents for in-camera review or otherwise adequately describe those documents, neither Plaintiff nor the Court have any basis for evaluating Defendant's claim that the supposedly "unrelated" documents are in fact unrelated. This is, once again, the fundamental problem with Defendant's case for withholding the documents. Defendant repeatedly rests on broad vague claims that neither Plaintiff nor the Court can confirm or refute because Defendants holds a monopoly on the facts. Defendant cannot carry the day by refusing to disclose the facts necessary for a proper privilege determination.

### D. Defendant Fails to Meet its Burden to Establish that Three Broad Categories of Documents are Privileged and Deserve Work-Product Protection

Defendant is also unacceptably vague in describing the three broad categories of documents that it seeks to withhold. In the first category, Defendant seeks to withhold 241 documents that allegedly "convey or communicate advice of counsel," supporting this claim with one scant paragraph in its brief and one scant paragraph in its supporting declaration. See Opp. at 7; Roney Decl. ¶ 5. Defendant does not state which if any of these 241 documents was actually authored by an attorney or at least copied to an attorney. Indeed, Defendant hints in its brief that many (if not all) involve communications between **non**-attorneys. *See* Opp. at 7. Nor does Defendant explain what it means by "advice of counsel." This is significant because Defendant claimed that the twelve documents at issue in the December 17, 2013

Order also constituted advice of counsel, and this Court expressly rejected that claim.  The **only** evidentiary support offered by Defendant as to the 241 purported "advice of counsel" documents is the lone Roney paragraph.  This consists of a blanket statement that "Ben & Jerry's privilege log contains 241 documents that convey or communicate legal advice of counsel" and four sentences addressing just two of the 241 documents.  Defendant offers nothing as to the other 239 documents.

In its second general category, Defendant seeks to withhold 156 documents that supposedly "contain information aggregated by employees for the purpose of assisting legal counsel in providing legal advice," offering one paragraph of support in its brief and two in its declaration.  See Opp. at 7; Roney Decl. ¶ 5.  In the brief, Defendant cites a Florida case and broadly claims that "[t]he 156 documents Plaintiff seeks to obtain are integral components of the creation of legal advice."  Opp. at 7.  This tells us nothing, and the Roney Declaration offers nothing more beyond scant reference to a mere three documents.  Once again, there is absolutely nothing as to the remaining 153 documents.

The Court's December 17, 2013 Order underscores why Defendant's proffer as to the "aggregation" documents is wholly inadequate to meet its burden.  As indicated above, the Court devotes three pages to analyzing just one such document, a so-called "framework" document.  December 17, 2013 Order at 4-6.  Only after reviewing this document "in detail" (*id*. at 5) was the Court able to evaluate (and reject) Defendant's privilege and work-product arguments.  The Court noted, among other things, that while the document mentioned, "very generally," certain legal considerations, and references legal department approval and involvement, it was not privileged because it was a "a standard internal business document addressing multiple facets of a business issue…" *Id.*  As for Defendant's work product claim, the Court concluded that it was "prepared in the ordinary course of Unilever's global foods business."  *Id.* at 6.  The Court further concluded that "Declarations from Unilever employees that the purpose of the initiative was to ensure compliance with the law and address 'potential future litigation' cannot create a blanket work-product protection for every document related to a particular business venture."

Here, the Court cannot possibly evaluate Defendant's claim that the 156 aggregation documents "are integral components of the creation of legal advice."  Opp. at 7.  It is unclear what this even

CASE NO.:  CV 10-4387-PJH (EDL)            6            PLTF'S REPLY MPA ISO MOTION TO COMPEL

means, but even assuming that this slogan sets forth an actual standard, the Court still has no possible means of determining whether it is true as to the 156 documents.

In its final category, Defendant offers a paragraph in its brief and another in the Declaration as to 204 documents purportedly "prepared in advance of litigation." Opp. at 7; Roney Decl. ¶ 8. The only even arguable substance in the brief is a contention that the documents were "created by the legal department to respond to a credible threat of litigation." Opp. at 7. What does Defendant mean by "credible threat of litigation"? There is no explanation. We do know that, in Defendant's view, all twelve of the documents at issue in the December 17, 2013 Order were prepared in advance of litigation and hence protected. The Court (and the Ninth Circuit's ruling in *In re Grand Jury Subpoena*, cited therein) squarely rejected this view -- that a business such as Unilever's functions in a complex legal and regulatory environment is not enough to anticipate litigation under the "because of" standard articulated in *In re Grand Jury Subpoena*. 357 F.3d at 907 (adopting the "because of" standard where a document could have been prepared for multiple purposes, such as conducting the ordinary course of business or because of the prospect of litigation). The awareness that there might potentially be legal consequences to certain actions does not "anticipate litigation" as required by the work-product doctrine. Defendant has not shown that it anticipated any actual lawsuit: it has not cited any demand letters or other threats of a lawsuit from anyone, much less an actual suit. See 357 F.3d at 907-09 (holding that the work-product doctrine protected documents where an attorney had hired a consultant because of impending litigation, and the threat of that litigation animated every document the consultant prepared). December 17, 2013 Order at 6. Absent more information from Defendant about the 204 instant documents allegedly prepared in advance of litigation, and particularly given Defendant's burden of proof, the Court cannot assume that privilege or work product applies simply because Defendant says it does.

**E. Defendant Fails to Meet its Burden to Establish That Particular Communications Between Non-Attorney Employees Were Properly Withheld**

In its next argument, Defendant again resorts to utter vagueness, suggesting that withheld documents that consist of communications between non-attorneys are privileged. Opp. at 8-9. Plaintiff

does not dispute that that there could be a document between non-attorneys that may be properly withheld. Plaintiff does dispute, however, that Defendant has provided the Court with any basis whatsoever for determining that any such documents were properly withheld here.

Defendant cites *Datel Holdings Ltd. v. Microsoft Corp.*, 2011 WL 866993 (N.D.Cal. (March 11, 2011), to support its non-attorney argument. *Datel Holdings* in fact shows that Defendant's proffer is woefully inadequate. There, the court carefully evaluated an entire email chain, and concluded that only one email in that long chain was protected; the author of the single email conveyed a recommendation from in-house counsel. *Id.* at *6. Here, Defendant has not provided Plaintiff or the Court with any means of evaluating whether the supposedly privileged communications between non-lawyers are protected. As the Court in *Datel Holdings* observed, "'[a] vague declaration that states only that the document 'reflects' an attorney's advice is insufficient to demonstrate that the document should be found privileged.'" *Id.* (quoting *Hynix Semiconductor Inc. v. Rambus Inc.*, 2008 WL 350641, at *3 (N.D.Cal. Feb.2, 2008)).

### F. Defendant Fails to Meet its Burden to Establish That Particular Documents Attached to Purported Privileged Communications Were Properly Withheld

Defendant also claims that the Court should allow it to withhold documents "attached to attorney-client emails." Opp. at 9-10. This particular claim includes two independent levels of inadequate vagueness. First, Defendant asks the Court to assume simply because it says so that the original emails were "attorney-client emails." Second, Defendant asks the Court to assume that, by definition, anything attached to an "attorney-client email" need not be produced, regardless of what it is. As the Court explained in *Hanford Executive Management Employee Ass'n v. City of Hanford*, 2013 WL 5671460, at *4 (E.D.Cal. Oct. 17, 2013), while it may be the case that particular attachments are protected by an applicable privilege, a party calming privilege must give the other party information that enables it to evaluate the assertion of privilege, including what the document was. Defendant's privilege log describes documents in terms such as these: "Document transmitted to/from counsel in conjunction with providing legal advice regarding regulatory and labeling issues." Dkt. No. 175-4 at 1. This provides no basis for determining whether the attachment is in fact privileged.

CASE NO.:  CV 10-4387-PJH (EDL)           8           PLTF'S REPLY MPA ISO MOTION TO COMPEL

### III. JUDGE HAMILTON'S RULING ON CLASS CERTIFICATION HAS NO BEARING ON THIS MOTION

By Order date January 10, 2014, (Dkt. No. 193), this Court instructed Plaintiff to "addresses the impact of Judge Hamilton's class certification order and of any order from Judge Hamilton addressing Defendant's motion for relief" (Docket No. 185).

As of this writing, Judge Hamilton has requested Plaintiff submit a reply brief to Defendant's Motion, but has not otherwise issued a substantive order. However, even if Judge Hamilton were to ultimately grant Defendant's motion, Defendant was required to meet and confer with Plaintiff regarding the position they took with respect to documents at issue in their privilege log, and to provide some form of evidence to support their conclusion that they were all properly privileged. Defendant's refusal to even meet and confer with Plaintiff on this matter provides an independent basis on which this motion can go forward. As posited in Plaintiff's opening brief, while categorizing documents on a privilege log is sufficient for a party's initial burden, once challenged a designating party "bears the burden of establishing an evidentiary basis-by affidavit, deposition transcript, or other evidence-for each element of each privilege/protection claimed for each document or category of document. A failure to do so warrants a ruling that the documents must be produced because of the failure of the asserting party to meet its burden." *Victor Stanley, Inc. v. Creative Pipe, Inc*., 250 F.R.D. 251, 267 (D. Md. 2008).

With respect to Judge Hamilton's order denying class certification, the question of whether documents are subject to privilege and/or work product doctrine is entirely distinct from any decision regarding certification. Moreover, notwithstanding that two of the twelve documents were used in support of Plaintiff's Motion for Class Certification, each of these documents, (as well as the ten others) bear directly on the **merits** of Plaintiff's claim, not the certifiability of a class. As such, Plaintiff has an independent right to these documents, which go to the merits of her case.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court grant her Motion.

Respectfully submitted,

Dated: January 21, 2014

**BRAUN LAW GROUP, P.C.**

/s/ Michael D. Braun

Michael D. Braun
10680 West Pico Boulevard, Suite 280
Los Angeles, CA 90064
Telephone: (310) 836-6000
Facsimile: (310) 836-6010

Janet Lindner Spielberg
**LAW OFFICE OF JANET
   LINDNER SPIELBERG**
12400 Wilshire Boulevard, Suite 400
Los Angeles, CA 90025
Telephone: (310) 392-8801
Facsimile: (310) 278-5938


Joseph Kravec, Jr.
Wyatt A. Lison
McKean J. Evans
**FEINSTEIN DOYLE PAYNE
   & KRAVEC, LLC**
Allegheny Building, 17th Floor
429 Forbes Avenue
Pittsburgh, PA  15219
Telephone: (412) 281-8400
Facsimile: (412) 281-1007


*ATTORNEYS FOR PLAINTIFF*

# PROOF OF SERVICE

STATE OF CALIFORNIA )
)
COUNTY OF LOS ANGELES )

I am employed in the County of Los Angeles, State of California, I am over the age of 18 and not a party to the within action; my business address is 10680 W. Pico Boulevard, Suite 280, Los Angeles, California 90012.

On January 21, 2014, I served the document(s) described as:

1. PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL DOCUMENTS

**[x] BY ELECTRONIC TRANSMISSION USING THE COURT'S ECF SYSTEM:** I caused the above document(s) to be transmitted electronic mail to those ECF registered parties listed on the Notice of Electronic Filing (NEF) pursuant to Fed. R. Civ. P. 5(d)(1) and by first class mail to those non-ECF registered parties listed on the Notice of Electronic Filing (NEF). "*A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(d)(1). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se.*"

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on January 21, 2014, at Los Angeles, California.

Michael D. Braun

---

CASE NO.: CV 10-4387-PJH  Pltf's MPA in Opposition to Motion to Compel