IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SKYE ASTIANA,

    Plaintiff,

v.

BEN & JERRY'S HOMEMADE, INC.,

    Defendant.

No. C -10-04387 PJH (EDL)

**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO COMPEL**

On December 23, 2013, Plaintiff filed a motion to compel the production of approximately 485 documents that Defendant claims are protected by privilege. Docket No. 174. The Court held a hearing on the motion on February 18, 2014. Plaintiff bases its motion on the Court's order of December 17, 2013 (Docket No. 168), in which the Court denied Defendant's motion to compel the return of 12 inadvertently produced documents and held that the documents were not protected by either the attorney-client privilege or the work-product doctrine. Judge Hamilton upheld this ruling on February 3, 2014. Docket No. 202. Plaintiff argues that the 485 documents it now seeks were withheld by Defendant on the same rationale as the twelve documents the Court held were not privileged, and asks that Defendant produce them.

Judge Hamilton denied Plaintiff's motion for class certification on January 7, 2013. Docket No. 190. Defendant argues that in light of the denial of class certification, the Court should deny Plaintiff's motion to compel, because Plaintiff's individual claim is worth approximately $100.00, and the cost and burden of producing the documents would be vastly out of proportion to Plaintiff's need for them. See Fed. R. Civ. P. 26(b)(2); Oracle USA, Inc. v. SAP AG, 264 F.R.D. 541, 543-44 (N.D. Cal. 2009). Defendant also notes that it plans to file a motion for summary judgment. It requests that, in the alternative, the Court delay ruling on Plaintiff's motion to compel until after

Judge Hamilton has decided its motion for summary judgment. Plaintiff's briefs contended that the documents bear on the merits of her claim, not the certifiability of the class, but did not address Defendant's strong proportionality arguments, even to dispute its estimate of the amount at stake.

The Court DENIES WITHOUT PREJUDICE Plaintiff's motion to compel. Although the Court agrees with Plaintiff's argument at the hearing that much of the cost of collecting and reviewing the documents has already been incurred, ordering their production now would still add significant incremental cost (likely to exceed the amount in controversy) and complication at a time when it is unclear whether Plaintiff's claim will go forward. If Plaintiff needs the documents to oppose Defendant's planned motion for summary judgment, she may file a request under Federal Rule 56(d), which allows a party opposing summary judgment to seek additional discovery if the nonmovant "cannot present facts essential to justify its opposition . . .." Fed. R. Civ. P. 56(d).

**IT IS SO ORDERED.**

Dated: February 21, 2014

*Elizabeth D. Laporte*

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge